UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06-CR-75 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MATTHEW BROCK ) | |

## **O R D E R**

Before the Court is Defendant Matthew Brock's ("Defendant") motion to modify conditions of supervised release to permit him to travel from the Northern District of Georgia to the Eastern District of Tennessee without prior approval of his probation officer (Court File No. 49). The Government filed a response in opposition (Court File No. 54). Defendant requests the Court: (1) modify the conditions of supervised release to allow him to travel freely to the Eastern District of Tennessee, or in the alternative, (2) allow him to relocate to the Eastern District of Tennessee upon giving the requisite 10 day notice. For the reasons below, the Court **DENIES** Defendant's request for a travel permit and **RESERVES RULING** on Defendant's relocation to the Eastern District of Tennessee.

Defendant's supervision was transferred to the Northern District of Georgia after his wife and family obtained a residence on the Georgia side of Lookout Mountain. Defendant's wife teaches in Hamilton County and one of Defendant's children attends the McCallie school in Chattanooga. Defendant claims obtaining prior approval from his probation officer presents a tremendous hardship in performing parental duties such as picking up his child for emergency appointments or school events. The Government indicates upon release, Defendant was initially authorized to travel within a 50-mile radius extending into the Northern District of Alabama and the

Eastern District of Tennessee for "normal daily business" within "8:00 A.M. to 8:00 P.M." (Court File No. 54, p. 2). Because of Defendant's alleged failure to verify travel expenses and multiple trips outside the 50-mile radius and outside the authorized times, culminating in a trip to Rockwood, Tennessee in the evening, his 50-mile radius permission was revoked (*id.* at 3). The Government indicates a petition for revocation of supervised release is forthcoming as a result of Defendant's failure to follow instructions of his probation officer and willful failure to pay restitution.

Based on the Government's response, it appears Defendant's travel needs exceed picking up his child from school and other parental duties. While Defendant had the ability to travel freely within the 50-mile radius, he was unable to abide by the instructions of his probation officer. At present, the only condition affecting his travel into the Eastern District of Tennessee is obtaining prior approval. The Court will not remove that condition. Defendant must still receive permission from his probation officer before traveling. The probation office can make adjustments to its requirements for Defendant as it concludes is necessary. The Court will not interfere with the probation office's judgment in supervising people.

Accordingly, the Court **DENIES IN PART** Defendant's motion to modify conditions of supervised release (Court File No. 49). To the extent Defendant's motion seeks a travel permit for entry into the Eastern District of Tennessee without prior approval, it is **DENIED**. The Court **RESERVES RULING** on Defendant's relocation of his residence to the Eastern District of Tennessee pending a determination on the petition for revocation of Defendant's supervised release.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**

3