UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MATTHEW BROCK | ) | |
| | ) | |
| v. | ) | 1:12-cv-294/1:06-cr-75 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |

## **ORDER**

Matthew Brock("Brock") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in relation to the sentence he received when the Court revoked his supervised release (Criminal Court File No. 77).[1] Since it does not plainly appear from the face of the § 2255 motion that it should be summarily dismissed, the United States Attorney is hereby **ORDERED** to file an answer or other pleading within forty-five (45) days from the date of this Order. Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Also before the Court is Brock's motion to proceed *in forma pauperis* (Criminal Court File No. 76). A motion filed under 28 U.S.C. § 2255 is not a civil action. Consequently, an application to proceed *in forma pauperis* is unnecessary since there is no filing fee in a § 2255 proceeding. *See* LR. 9.3(b). Accordingly, the application to proceed *in forma pauperis* is **DENIED** (Court File No.76).

Also before the Court is Brock's motion requesting the appointment of counsel, discovery, and an evidentiary hearing (Criminal Court File No. 77). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

Consequently, a defendant has no right to counsel in a post-conviction proceeding. *Id*. However, an exception to the general rule entitles a defendant to counsel when an evidentiary hearing is required in a § 2255 proceeding. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) (noting the Rule 8(c) exception to appointment of counsel in § 2255 cases). An evidentiary hearing has not been scheduled in this matter and the motion for appointment of counsel is premature. Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, to the extent Brock's motion requests appointment of counsel, it is **DENIED** at this time (Criminal Court Doc. 77).

Brock's request for an evidentiary hearing is likewise premature as the government has not filed a response to the motion. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, to the extent the motion requests an evidentiary hearing, it is **DENIED** (Criminal Court File No. 77).

In support of his discovery request, Brock claims the discovery is necessary to "further substantiate his claims for relief under Section 2255[.]" (Criminal Court File No. 77). Brock has failed to allege any facts to warrant or show good cause for the court to grant his discovery request or identify what discovery he is requesting (Criminal Court File No. 77). Accordingly, to the extent this motion requests discovery, it is **DENIED** (Criminal Court File No. 77).

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**