UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MATTHEW BROCK, | ) | |
| Petitioner, | ) | |
| v. | ) | Nos. 1:12-cv-294/1:06-cr-75 |
| | ) | Judge Collier |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**RESPONSE TO PETITIONER'S MOTION
FILED PURSUANT TO 28 U.S.C. § 2255**

The United States, by its counsel, Gregg L. Sullivan, Assistant United States Attorney for the Eastern District of Tennessee, opposes petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**PROCEDURAL AND FACTUAL HISTORY**

On September 29, 2006, the petitioner pleaded guilty to four counts of bank fraud. He was sentenced on April 19, 2007, to 37 months imprisonment followed by five years of supervised release. The petitioner was also ordered to pay $1,388,939 in restitution. (R. 22, Judgment.)

Petitioner began his supervised release on April 17, 2009. (R. 57, Petition and Order.) While on supervised release, the petitioner repeatedly failed to pay his court-ordered restitution, spent funds on non-allowable expenses, made false statements to his probation officer, and refused to follow the instructions of his probation officer by failing to provide requested information, leaving the judicial district without permission, and entering into new credit and financial agreements without permission. (*Id.*) In an effort to obtain restitution from the petitioner, he and his wife were deposed about their finances. Their bank records were also subpoenaed. Garnishments were also sought and obtained by the United States to enforce the court's restitution

order. (R. 45, Order of Continuing Garnishment.) On May 24, 2011, a petition and order for a summons for an offender under supervision was issued. (R. 57, Petition and Order.) The petition alleged Grade B and C violations. (*Id*.)

On December 15, 2011, the petitioner appeared before this Court and admitted, through counsel, Grade B violations, including failures to pay restitution, making false statements to his probation officer, and traveling outside the district without permission. (R. 74, Supervised Release Hearing Transcript at 4.) After determining that the maximum term of imprisonment the Court could impose on the petitioner was 36 months, the Court found that the petitioner had violated his terms of his supervision. (*Id*. at 4-5.)

Although the Court provided the petitioner with the opportunity to speak, the petitioner elected to remain silent and have his retained counsel speak on his behalf. (*Id*. at 5.) Counsel made no excuses for the petitioner's failure to pay restitution, but argued that his incarceration would only continue to frustrate the goal of repaying the victims. She argued that he was gainfully employed, making substantial income, and was now willing and able to increase his restitution payments. (*Id*. at 6-11.) Counsel also responded to one of the Court's concerns by stressing that the failure to follow the probation officer's direction was done out of naiveté and ignorance, not out of disrespect for the Court. (*Id*. at 11-13.) After hearing his counsel's arguments, the petitioner was once again given an opportunity to address the Court. He again declined to do so. (*Id*. at 13.)

The United States provided the Court with information regarding the petitioner's failure to pay restitution, including letters sent to his wife while he was still incarcerated expressing his intent to avoid the payments, his refusal to make payments, his expenditures on personal items, and efforts to avoid garnishment orders. (*Id*. at 14-19.)   After hearing this information, the Court gave notice to counsel that it was considering giving up on efforts to enforce the restitution order through supervised release and instead sentencing the petitioner to the maximum sentence possible - 36 months.   (*Id*. at 20.)

Counsel was provided an opportunity to respond.   She used it to argue that the petitioner now realized the seriousness of his situation and tried to convince the Court to allow him to remain free so that he could work and earn money to repay the victims.   (*Id.* at 22-23.)   The United States asked the Court to incarcerate the petitioner.   (*Id.* at 24-25.)

The Court explained to the petitioner the importance of following the Court's orders and the rationale for the restitution ordered in his case.   (*Id*. at 26.)   Citing the petitioner's failure to be truthful to the probation officer, the resources expended in trying to get him to comply with the restitution order, his "callous disregard" for court orders, the Court's belief that he would "never comply" willfully with the conditions the court set, and the need to deter others from similar conduct, the Court revoked the petitioner's supervised release and sentenced him to 36 months incarceration.   (*Id*. at 27-28.)

The petitioner then filed a timely § 2255 motion, to which the United States now responds. (R. 75, § 2255 Motion; R. 78 Memorandum.)

3

## PETITIONER'S CLAIMS

The petitioner alleges that he was denied effective assistance of counsel during the revocation proceeding. Specifically he claims that his privately retained counsel (1) "misadvised him as to the prudence of entering a guilty plea to all of the technical violations listed in the complaint instead of the ones that actually applied to him" and did not advise him of the potential three-year maximum punishment he faced, (2) failed to investigate each violation, prepare a defense, challenge evidence, and present mitigating factors to the court, and (3) abandoned the case after sentencing and failed to address whether petitioner should appeal. (R. 75, § 2255 Petition at 6-9.)

In response to the petitioner's claims, his former counsel has provided an affidavit and correspondence to the petitioner from her file. The affidavit is attached to this response as Exhibit 1. The correspondence is attached as Exhibit 2.

## STANDARD OF REVIEW

To obtain relief under § 2255, a petitioner must establish: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, the petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

4

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonable effective assistance," *id*., as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Where, as here, a petitioner admitted his guilt, he cannot obtain relief without showing that there "is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short*, 471 F.3d at 691-92 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). If a petitioner fails to prove that he sustained prejudice, the court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006).

5

## ARGUMENT

Citing the Sixth Amendment, the petitioner alleges that he received ineffective assistance of his retained counsel during the supervised release revocation hearing. (R. 75, Motion at 6.) As a threshold matter, the petitioner's right to counsel at his revocation hearing is statutory, not constitutional. *See* 18 U.S.C. § 3006A(a)(1)(E) (providing for appointment of counsel where a financially eligible defendant "is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release"). There is no constitutional right to counsel at a supervised release revocation hearing, *see Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Lester*, 76 F.3d 380 (Table), 1996 WL 28970 (6th Cir. 1996). "It follows that there is no constitutional right to the effective assistance of counsel at a supervised release revocation hearing." *Lester*, 1996 WL 28970, at *3.

Ground One:

The petitioner's claim that "counsel misadvised him as to the prudence of entering a guilty plea to all of the technical violations listed in the complaint instead of the ones that applied to him," (R. 75 at 6) is not supported by the record. Counsel did in fact limit the admissions made by petitioner. (R. 74 at 3-4.) The petitioner fails to provide any sworn, specific information of a violation he did not commit that would have affected the violations of supervised release found by the Court. The petitioner was given the opportunity to address the Court. He failed to provide then, and fails to provide now, any justification for his violations or any ground in mitigation.

Likewise, the petitioner's claim that "while counsel did advise [petitioner] of some of the options available to the court if his supervision was revoked, she did not advise him of the full range of consequences, the maximum of three years incarceration," (R. 75, at 6) is also insufficient

6

to warrant relief. The petitioner does not assert that, had he had known the maximum sentence, he would not have admitted his violations.

The petitioner's allegations are refuted by his counsel. Counsel asserts that she discussed at length with the petitioner the guideline range for his offenses as well as the potential maximum sentence he could receive. (Exhibit 1 at ¶ 6.)

The record also supports the fact that the petitioner was aware of the maximum sentence. The statutory maximum three years is listed on the front page of the Petition for Summons for Offender Under Supervision. (R. 57, Petition.) It is also listed on the front page of the Dispositional Report. During the hearing the United States provided this information to the Court and the petitioner. (R. 74 at 5.) Likewise, during the hearing the Court gave notice to the petitioner that it was inclined to sentence him to the maximum 36 month term. (*Id*. at 20.) Although given the opportunity to address the Court before it imposed sentence, the petitioner elected to let his counsel speak for him. At no time did the petitioner register any dissatisfaction, concern, or surprise with the proceedings or the performance of his counsel.

Finally in Ground One, the petitioner concedes that he did not request his counsel to file an appeal. Instead, he simply alleges that he "did not appeal, basically because of the lack of encouragement on the part of counsel." The petitioner does not allege that he requested his attorney to file an appeal and his attorney failed to do so. The Sixth Circuit has held that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Thus, the petitioner's allegations are insufficient to establish a constitutional violation.

7

Ground Two:

The petitioner also takes issue with his retained counsel's advocacy during the hearing. He alleges that counsel did not investigate the "circumstances surrounding some of the allegations" and failed to present "any mitigating evidence." (R. 75, at 7.) In so doing, the petitioner admits that some of the allegations were true, but he provides no specific information that he argues counsel should have raised or evidence that counsel should have presented in his defense. (*Id.*) He has not shown that any of the facts he wanted counsel to investigate would have actually exculpated him, nor that those facts would necessarily have been relevant or admissible at trial.

In contrast, counsel states that the petitioner declined to have his wife called as a witness and counsel elected to present information an employer would have provided by way of proffer to avoid impeachment issues with this witness. (Exhibit 1 at ¶ 11.) She also states that she recommended the petitioner not testify since he refused to accept responsibility and laid the blame for his violations on his probation officer. (*Id.* at ¶ 12.)

The petitioner also omits several pertinent facts. The United States compiled a substantial amount of information concerning the petitioner's finances and had deposed both the petitioner and his wife. It provided some of this information to the Court during the hearing. While the petitioner had failed to pay restitution, he had spent approximately $48,000 on a private school education for his son. (R. 74 at 15.) The petitioner was enjoying several benefits from his job, living rent free and receiving a $500-a-month automobile allowance. (*Id*. at 16-17.) Altogether, the petitioner had more than $113,000 in income that was available for restitution. (*Id*. at 17.)

Likewise, the petitioner does not mention the amount of work his counsel put into his case. Counsel spent more than 60 hours reviewing and researching the financial information obtained by the United States which comprised three banker's boxes of documents. (Exhibit 1 at ¶ 8.)

Counsel was also in possession of, and had reviewed, several summary charts and exhibits the United States had prepared for the hearing. This information established that the petitioner paid approximately $26,000 in restitution. (*Id*.) It also established that during the previous 18-month period, the petitioner failed to report over $22,000 in income and failed to pay over $36,600 in ordered restitution. (*Id*.)

In sum, the evidence of the petitioner's failure to disclose financial information to his probation officer, his expenditure of funds on non-approved items, and his refusal to make restitution payments was overwhelming. Based upon her extensive experience, counsel made the strategic decision to avoid contesting allegations that were not central to these violations, providing excuses that could not be justified by the reality of the petitioner's actions, or were simply indefensible. (*Id*. at ¶¶ 2, 3, 10, and 13.)

The petitioner has failed to provide any information that counsel could have or should have presented to the Court that would have affected the petitioner's sentence. As such, he has failed to establish that he received ineffective assistance of counsel.

Ground Three:

Finally, the petitioner alleges that "counsel basically abandoned the case immediately after sentencing, failing to address whether or not movant could [or] should appeal . . ." (R. 75, at 9.) The petitioner does not allege that he ever requested counsel to file an appeal. Without this, the petitioner has not alleged a constitutional violation.

Nevertheless, counsel states that she did discuss the matter with the petitioner and advised him against an appeal. (Exhibit 1 at ¶ 15.) According to counsel, the petitioner "specifically told me he did not wish to pursue an appeal." (*Id.* at ¶ 15.) Correspondence to the petitioner corroborating this fact is attached to her affidavit. (Exhibit 2.)

9

## CONCLUSION

The petitioner admits that he violated at least some of the conditions of his supervised release and he does not challenge the Court's finding that he violated his conditions of release. While he takes issue with the length of his sentence, he provides no information that would justify his violations or mitigate them.

The petitioner has not identified how his counsel's performance was deficient or that her assistance was below prevailing professional norms. *Strickland*, 466 U.S. at 689. Nor has petitioner satisfied *Strickland's* second prong. He has failed to demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694.

In sum, the petitioner has not established that counsel's performance was deficient with regard to the petitioner's supervised release revocation proceeding. Accordingly, his § 2255 motion should be denied.

Respectfully submitted,

William C. Killian
United States Attorney

By: *s/ Gregg L. Sullivan*
Gregg L. Sullivan
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 15, 2012, a copy of this pleading was served on petitioner via United States mail, postage prepaid, at the following address:

Matthew Brock
Fed. Reg. No. 41599-074
FCI Terre Haute
Satellite Camp
P.O. Box 53
Terre Haute, IN 47408

                                        *s/ Gregg L. Sullivan*
                                        Gregg L. Sullivan
                                        Assistant United States Attorney